The Honorable Doyle Webb State Senator P.O. Box 1998 Benton, Arkansas 72018
Dear Senator Webb:
This is in response to your request for an opinion on six questions regarding the operations of a "volunteer fire department." The questions posed are as follows:
 1. Can a volunteer fire department charge a fee for responding to a fire within the five mile radius of their fire station, but which is outside of their tax base?
 2. Can a volunteer fire department charge a fee for responding to a fire outside of the five mile radius?
 3. If the answer to the above questions is `yes,' how much can the volunteer fire department legally charge?
 4. If the volunteer fire department can charge a fee, what legal means are available to collect these fees?
 5. If the collection of a fee is legally permissible, can a volunteer fire department charge for services rendered at their discretion, or must they charge a fee on all responses?
 6. If the collection of fees is legally permissible and the volunteer fire department must charge on all responses, can the amount charged vary based upon equipment, manpower, etc.?
It is my opinion that the answers to both questions 1 and 2 are "no," and that as such, an answer to the remaining questions is unnecessary.
It is my understanding that the particular volunteer fire department which gives rise to your question is actually a suburban fire improvement district created under the provisions of Act 41 of 1941 now codified as A.C.A. § 14-92-201—240 (1987 and Supp. 1995). Your first question concerns the charging of a "fee" for responding to a fire "within the five mile radius of [the] fire station, but which is outside of [the department's] tax base." The department's "tax base" refers, I assume, to the actual boundaries of the improvement district, within which local assessments for benefits are made and charged against the property. These "taxes" are collected along with the county ad valorem taxes. See A.C.A. § 14-92-230 (b)(1)(A)(i) (Supp. 1995). I am uncertain, however, to what "five mile radius" you refer. It is clear under another subchapter of the Arkansas Code that the quorum court of each county wherein is located a "fire protection district" formed for fire protection purposes shall establish the service area of the fire protection districts to not exceed a radius of five (5) miles from each fire station. A.C.A. § 14-284-207
(Supp. 1995). It is unclear whether this provision of law, however, applies only to "fire protection districts" established and created under A.C.A. § 14-284-201 et. seq. (Act 35 of 1979 as originally enacted), or whether it may also have some reference to suburban fire improvement districts created under Act 41 of 1941. This requirement was originally enacted as a part of Act 160 of 1985 and originally required the quorum court to set the service area both of "fire protection districts" and "nonprofit fire departments." It would seem more necessary to set the "service area" of nonprofit fire departments which do not have boundaries set by law or election, than to set those of "fire protection districts" which have defined boundaries. In 1991, however, the legislature deleted the reference to nonprofit fire departments in A.C.A. § 14-284-207 and the statute now only requires the quorum court to set the service area of "fire protection districts." See Act 1028 of 1991). In any event, it is unclear whether the 1985 legislation requires or authorizes the quorum court to set any service area for suburban improvement districts created under Act 41 of 1941. Both types of departments, those created under A.C.A. § 14-284-201 et seq. (fire protection districts) and departments created under A.C.A. § 14-92-201 (suburban fire improvement districts), can be classified as "improvement districts" and in that sense are "fire protection districts," but the legislature in enacting Act 160 of 1985, only amended the former subchapter and did not refer specifically to suburban improvement districts in the act.
In my opinion, no other statute specifically provides for a five mile service area radius for suburban fire improvement districts. Although the county quorum courts are authorized to designate the geographical area that a "volunteer fire department" may serve and may direct that the property owners of the area pay "dues" to be established by the court which shall become a lien upon the property within the geographical area (A.C.A. § 14-20-108 (b)), this statute, in my opinion, has reference to private nonprofit subscription fire departments, and not to suburban improvement districts. The same can be said for A.C.A. § 20-22-901 which requires "volunteer fire departments" to respond to all fires occurring within their "districts," but refers to "members" and "nonmembers" of the fire district rather than taxpayers or property owners in general, suggesting a reference to private subscription fire departments and not improvement districts. Finally, A.C.A. § 14-284-406(b) states that "no municipality shall receive funds under [Act 833 of 1991 (the insurance premium tax moneys)] unless it is willing to provide fire protection through mutual aid agreements in areas within five miles of its corporate limits." This statute, dealing with municipalities, of course has no reference to suburban improvement districts.
I therefore cannot pinpoint the precise authority for the quorum court to set a five mile radius from the fire station of a suburban fire improvement district within which the district is to provide services, and have found no other general requirement in this regard in the statutes.[1] I assume, however, that this service area has been established by the quorum court under the authority of A.C.A. §14-284-207, which is being read as also applying to suburban fire improvement districts.[2] Problems arise with a service area defined as a five mile radius from the fire station where this five mile radius is not coextensive with the boundaries of the suburban improvement district. If such a district is required to provide services within a five mile radius of its fire station, and this area is larger in some instances than the district's boundaries, the district will be providing services to an area or to property which is not assessed for the benefits the districts provides. (This same problem is evident with "fire protection districts" formed under 14-284-207 et seq.) This situation gives rise to your first question, which concerns the legality of charging a fee for responding to a fire in such instance.
Questions similar to the first and second question you pose were addressed in Op. Att'y. Gen. 89-096 and Op. Att'y. Gen. 88-193 (copies enclosed). It was concluded therein that the statutes relating to suburban improvement districts do not expressly grant such districts the authority to solicit moneys or dues outside their boundaries and that it was unlikely that the solicitation of dues or subscription fees outside the district boundaries would be held by a court to be on behalf of and for the benefit of the landowners residing in the district as required by Arkansas Supreme Court case law. It was also noted that improvement districts may exercise only such powers as are established by statute.See also Quapaw Central Business Improvement District v. Bond-Kinman,Inc., 315 Ark. 703, 870 S.W.2d 390 (1994). There being no statutory authorization for a suburban improvement district to charge a fee for responding to a fire outside its boundaries, I must conclude that no such authority exists under current law. This conclusion is strengthened by the fact that at least two types of fire departments (nonprofit departments and municipal departments) are expressly authorized by statute to respond to fires on nonmembers' property or outside municipal boundaries and to seek compensation therefor. See A.C.A. § 20-22-901 et seq., and A.C.A. § 14-53-102. No such statute has been adopted with respect to suburban fire improvement districts.
A similar answer must be given to your second question. In my opinion suburban improvement districts created under Act 41 of 1941 do not have authority to collect fees for providing services outside the improvement district boundaries, (i.e. outside the "tax base"). Your second question, in conjunction with the first question posed, appears to indicate that the improvement district boundaries are subsumed within the five mile radius. Because, therefore, the district is not authorized, in my opinion, to charge fees for fighting fires outside the improvement district boundaries, it, as a necessary consequence, is not authorized to charge fees for fighting fires outside the five mile radius. Assuming, however, that your question refers to a fire outside the five mile radius, but still somehow within the improvement district boundaries, the answer would also be "no." A fee is of course not chargeable by the improvement district against a landowner whose property is already assessed for benefits by virtue of being located within the district.
Absent new legislative authorization to charge fees or some other legislative action in the area, the resolution of the problem presented (the fact that a five mile service area has been imposed by the quorum court or some other entity when this area is not coextensive with district boundaries) may lie either in the quorum court enacting a smaller service area coextensive, if possible, with district boundaries (the five mile radius mentioned in A.C.A. § 14-284-207 is not mandatory — the service area is simply not to exceed five miles from the fire station), or in the addition of territory, through some lawful means, to the improvement district.
In light of the foregoing, a response to your remaining questions is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] There is some indication that this is a requirement of the Arkansas Office of Fire Protection Services, which must be met before that Office may supply federally funded vehicles to the various departments. While this may be the case, I have found no express federal statute or regulation or state statute or regulation requiring this five mile radius for suburban improvement districts. Perhaps legislative clarification of this point is indicated.
[2] Confusion on the issue is understandable. Under Arkansas law, what is referred to as a "volunteer fire department" may take one of any number of legal forms. Such departments may be incorporated as purely private nonprofit corporations collecting dues or membership fees; as fire protection districts under A.C.A. § 14-284-101 et seq. or 14-284-201 etseq., or suburban fire improvement districts under A.C.A. § 14-92-201 etseq., all of which assess local benefits to be collected with ad valorem taxes; as a county "volunteer fire department" under A.C.A. §14-20-108(c) or as a county created subordinate service district under A.C.A. §§ 14-14-708 and -709 (1987). In addition, although the statutes authorizing the creation of municipal fire departments do not refer to such departments as "volunteer" departments (see A.C.A. 14-53-101), some municipalities routinely characterize their departments as such.